Nash, J.
 

 In the opinion of his Honor we entirely concur. The very ingenious argument submitted to us in behalf of the plaintiff has failed to convince us that he is entitled to a verdict in this case. It is fallacious, and its fallacy consists in considering the Act, against fraudulent conveyances, as operating on the estate of the fraudulent grantee, and not on the conveyance. The words of the act are plain and unambigious. “ All and any feofment, &c.” — “at any time had or heretofore made, or at any time hereafter to be had or made, &c.” “to or for any purpose or intent to delay, hinder, and defraud creditors, and others of their just and lawful actions, debts, and accounts, shall be deemed and taken, to be clearly and utterly void, frustrate and of no effect.” It is the conveyance which the act makes void.
 
 Haffner
 
 v.
 
 Irwin,
 
 1 Ired. 498. The plaintiff, while he distinctly admits, that the conveyance to Flynn is fraudulent as to Christie, contends that it is void, only as to the estate which was then in Joseph R. Hanrahan, and not as to that which was contingent and dependent upon the death of William Hanrahan, for the reason that only the estate Joseph then had was liable to execution for his debts. Admit this to be so. Unfortunately for the plaintiff, he claimed both estates by the same conveyance, and by what al
 
 *38
 
 chemy he separates the two estates, so conveyed, so as to preserve the one, while admitting the other to be void for fraud, we cannot well perceive. It is a well established principle, that when a statute makes a deed void, for any cause, the whole deed is void, although, mixed with illegal considerations, there may be others which are just and proper. Thus it is declared by the Court in the case of
 
 Haffner
 
 v.
 
 Irwin,
 
 1st Ire. 498. “ If the hindrance form any part of the actual intent of the act done, so far the act against them is a malicious or wicked contrivance, and it is not to be questioned that a
 
 conveyance
 
 or
 
 assurance,
 
 tainted in part with a malicious or fraudulent intent, is by the statute made void as against creditors in
 
 toto.”
 
 Here it is admitted, that, at the time the conveyance was made to Fljmn, Joseph R. Hanrahan had in the land an estate, which was subject to Christie’s claim, to-wit: his defeasible estate in fee, simple, and it is admitted, it was made to defeat his debt. It was then, in part at least, tainted with a malicious and fraudulent intent, and is, according to the decision just cited, void
 
 in toto,
 
 that is, the conveyance or assurance is utterly void. It is inoperative even as colour of title against a creditor, until the latter has acquired a right of entry.
 
 Hoke
 
 v.
 
 Henderson, 3
 
 Dev. 15.
 
 Pickett
 
 v.
 
 Pickett,
 
 Ibid 0. By the will of his father Joseph took an estate in fee, de-feasible on his death, without issue, when the estate was limited over to his brother William in fee. This remainder to the latter, was good as an executory devise, because it was limited to take effect during lives then in being. The death of William no farther affected the estate, than to throw upon his heir the contingent estate devised to him, and Joseph was his heir at law, and upon his death, without issue, it passed,
 
 eo instanti, to
 
 his heirs at law. Whatever might be the effect of an estoppel or rebutter, as between the present plaintiff and the heirs of Joseph R. Hanrahan and those claiming under them, it can certainly have no operation upon his creditors, in
 
 *39
 
 whose shoes the defendants stand. In the case of
 
 Flynn
 
 v.
 
 Williams,
 
 1 Ire. 509, it is decided that Christie, by his purchase under his execution, acquired only the title which was in Joseph at that time, and which consequently expired with the life of Joseph. The case states, that Christie’s debt is still unsatisfied, and that the father of the defendants purchased, at the sale by the sherifF under execution against the heirs of Joseph, to satisfy debts contracted by him, after the date of his deed to the plaintiff. The deed to the plaintiff being made to defraud Christie, a present creditor, it is utterly void, as to subsequent creditors, for it is not
 
 bona fide,
 
 1
 
 Sto. Eq.
 
 348, sec. 352, and the authorities there cited. And also page 352, sec. 361, where the same principle is stated.
 
 Taylor
 
 v.
 
 Jones, 2
 
 Atk. 601,
 
 Newland on contracts
 
 389. The plaintiff claims the land in controversy, alone under that deed, and it being utterly void as against the creditors of the grantor, under whom the defendants claim, it confers upon the plaintiff no legal title against them, and the plaintiff cannot recover.
 

 We are of opinion his Honor was right in refusing the instruction prayed for, and committed no error in his charge.
 

 Per Curiam. Judgment affirmed.